**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KATHLEEN M. WOOD-CALLIPARI**

       **Plaintiff,**

**v.**                                                                  **5:15-CV-743 (NAM)**

**NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,**

       **Defendant.**
_____

**Appearances:**

Howard D. Olinsky, Esq.
Olinsky Law Group
300 S. State Street
Syracuse, NY 13202
*Attorney for Plaintiff*

Joshua Kershner, Esq.
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, NY 10278
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

       **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff commenced this action on June 16, 2015, seeking review of the Commissioner's denial of her application for social security disability benefits under the Social Security Act.

---

[1] Carolyn W. Colvin, the former Acting Commissioner of Security, was replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn W. Colvin was sued in this action only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn W. Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

(Dkt. No. 1). The Court issued a Memorandum-Decision and Order on June 29, 2016, granting Plaintiff's motion for judgment on the pleadings, reversing the Commissioner's decision, and remanding the matter. (Dkt. No. 20). On August 16, 2016, the parties agreed that Plaintiff be awarded attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJ"), in the amount of $5,700.00. (Dkt. Nos. 22, 23). On or around January 10, 2018, Plaintiff received a fully favorable decision on her disability claim. (Dkt. No. 24-2). On or around April 21, 2018, Plaintiff received notice that she would be awarded past due benefits. (Dkt. No. 24-4).

On September 5, 2018, Plaintiff filed the instant motion for $22,725.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), further stating that upon payment, counsel will refund the previously awarded EAJA fees. (Dkt. No. 24). In response, the Commissioner does not object to the attorney's fees sought as unreasonable, but suggests that the motion may be untimely. (Dkt. No. 26)

**II.    DISCUSSION**

    **A. Timeliness**

As a preliminary matter, the instant motion comes more than four months after Plaintiff received notice of past due benefits. (Dkt. No. 24-4). 42 U.S.C. § 406(b) does not address the timing of a motion for attorney's fees. Under Rule 54(d) of the Federal Rules of Civil Procedure, a claim for attorney's fees must be made by motion within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). A recent case in the Western District of New York persuasively suggests that the deadline should be 14 days from the date the notice of award is issued by the Commissioner and counsel is notified of the award, which would render Plaintiff's motion untimely. *See Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 458 (W.D.N.Y. 2018).[2]

---

[2] The *Sinkler* decision has been appealed to the Second Circuit.

However, many courts have held that Rule 60(b) more broadly permits a motion for attorney's fees within a reasonable time. Fed. R. Civ. P. 60(b)(6), (c)(1). In this District, the timeliness issue was recently explored at length in a well-reasoned decision by United States Magistrate Judge David E. Peebles. *See Rita M. B. v. Nancy A. Berryhill, Acting Commr. Of Soc. Sec.*, No. 16 Civ. 262, 2018 WL 5784101, 2018 U.S. Dist. LEXIS 188722 (N.D.N.Y. Nov. 5, 2018). As Judge Peebles noted, the Second Circuit has not squarely addressed the question of what standard should govern the timeliness of a motion brought pursuant to Section 406(b) and there is a marked split of authority surrounding the issue. *Id.* Therefore, Judge Peebles found that "if the fourteen-day limit of Rule 54(d) is found to apply, Attorney Olinsky's delay in submitting the application beyond that period was the result of excusable neglect, within the meaning of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure." 2018 WL 5784101 at *4, 2018 U.S. Dist. LEXIS 188722 at *9. Likewise, and for the same reasons, the Court will not deny Plaintiff's motion for attorney's fees in this case as untimely.[3]

**B. Merits**

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that whenever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) does not supplant contingency fee arrangements, but does require the court to engage in an independent analysis to assure that the result dictated by the contingency arrangement is reasonable given the

---

[3] Plaintiff points out that counsel did not have any notice that Rule 54(d) would apply in this District, "and counsel would essentially have the defense of excusable neglect." (Dkt. No. 29, p. 2).

3

circumstances of the particular case at hand. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002). The Court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Id.* at 808. "If benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is [] in order." *Id*. (citations omitted). In other words, the reviewing court must ensure there is no windfall to the attorney. *Id.* (citation omitted).

In this case, counsel has submitted a copy of the Retainer Agreement signed by Plaintiff, which provided that she would pay 25% of past due benefits upon successful litigation. (Dkt. No. 24-3). Plaintiff's counsel was undeniably successful, having challenged the initial denial, and obtained judgment on the pleadings in this Court, a fully favorable decision on remand, and an award of benefits. Plaintiff now seeks $22,725.00 in attorney's fees, which is the full 25% of past due benefits, as agreed in the retainer. (*See* Dkt. No. 24-4, p. 4). Plaintiff's counsel has provided a time sheet documenting 33.30 hours of work on the case, 26.6 hours by attorneys and 6.7 hours by paralegals. (Dkt. No. 24-5).

In a supporting affidavit, Plaintiff's counsel states that the "effective hourly rate for the time spent in Federal Court is $682.43." (Dkt. No. 24-1, ¶ 9). This is a blended rate for both attorneys and paralegals.[4] The Commissioner points out that the hourly rate for the attorneys (excluding the 6.7 hours for paralegals) is $854.32. (Dkt. No. 26, p. 2). The Commissioner states that "[t]his is on the high end of what courts have considered to be reasonable, but taking

---

[4] Counsel for the Commissioner does not comment on how paralegal work should be compensated under Section 406(b), and courts have reached varied conclusions regarding this question. *See Rita M. B. v. Nancy A. Berryhill, Acting Commr. Of Soc. Sec.*, No. 16 Civ. 262, 2018 WL 5784101 at *6 n.7, 2018 U.S. Dist. LEXIS 188722, at *14 n.7 (N.D.N.Y. Nov. 5, 2018). Plaintiff's counsel would be well-advised in future applications to specifically identify paralegals and their hours worked so as not to burden the Court with the task.

4

into consideration the paralegal time, the Commissioner believes that this a reasonable hourly rate and is not a windfall." (*Id.*, p. 2). Both rates are indeed high compared to reasonable attorney's fees calculated in this District using the lodestar method. However, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee to be paid by the client in a social security case where there is a contingent fee agreement." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

Using the attorneys-only hourly rate, Plaintiff's counsel are nearing windfall territory. But including the paralegal time, and noting the substantial success achieved in this case, the Court finds that the requested fees are reasonable under the circumstances. *See Rita M. B.*, No. 16 Civ. 262, 2018 WL 5784101 at \*6, 2018 U.S. Dist. LEXIS 188722, at\*14 (granting motion for attorney's fees where rates ranged from $564.13 to $644.48 per hour) (citing cases).

### III. CONCLUSION

For these reasons, it is therefore

**ORDERED** that Plaintiff's motion (Dkt. No. 24) for attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $22,725.00; and it is further

**ORDERED** that upon payment, counsel for Plaintiff shall refund the previously awarded Equal Access to Justice Act fees to Plaintiff.

**IT IS SO ORDERED**.

Date: November 15, 2018
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

5